UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| MICHAEL LEWIS PITTS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV422-197 |
| | ) | CR419-012 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* movant Michael Lewis Pitts was convicted of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 851, and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *See* doc. 92 at 1 (Judgment).[1] He was sentenced to a term of 324 months of imprisonment and a six-year term of supervised release. *Id* at 2-3. His conviction and sentence were affirmed on appeal,

---

[1] The Court cites to the criminal docket in CR419-012 unless otherwise noted.

after his counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). *See* doc. 116; *see also United States v. Pitts*, 849 F. App'x 913 (11th Cir. 2021). He moves to vacate his conviction, pursuant to 28 U.S.C. § 2255. Doc. 126. The Government moved to dismiss his Motion, doc. 139, and Pitts responded, doc. 143. For the reasons explained below, the Government's Motion to Dismiss should be **GRANTED**. Doc. 139.

## BACKGROUND

The events leading to Pitts' conviction began when the car he was driving was stopped by Savannah Police Department officers for running a stop sign.[2] Officers directed him to exit his vehicle and frisked him for weapons. They discovered a firearm and over one thousand dollars in cash on his person. Based on those discoveries, they detained him in a police vehicle while they conducted further investigations. When one of the officers approached Pitts' vehicle, he detected the odor of marijuana. He searched the car and discovered a quantity of drugs, a digital scale,

---

[2] The Government's Motion to Dismiss presents a summary of the facts and procedural history of the underlying conviction. *See* doc. 139 at 1-12. The facts are also reflected in the transcript of Pitts' trial. *See generally* doc. 105. Since the facts recited as background are not relied upon in considerations of the merits of Pitts' claims below, the Court has omitted specific citations. To the extent that any fact from the record in this case is relied upon in this recommended disposition, a specific citation is provided below.

and a magazine matching the one in the firearm found on Pitts' person. Officers discovered that Pitts was a convicted felon and arrested him. He was transported to the police station, where he admitted he was a convicted felon and had purchased the firearm.

## ANALYSIS

Pitts' Motion asserts four grounds for relief. *See* doc. 126 at 4-8. Ground One asserts that Pitts' court appointed counsel, Mr. Paul Mooney, provided ineffective assistance when he withdrew a Motion to Suppress based on the alleged impropriety of the original traffic stop. *Id.* at 4. Ground Two asserts that Pitts received ineffective assistance when Mr. Mooney failed to present an audio recording that Pitts contends supports the conclusion that the original traffic stop was pretextual. *Id.* at 5. Ground Three asserts that the stop violated Pitts' Fourth Amendment rights. *Id.* at 7. Ground Four asserts that Pitts' Sixth Amendment right to confront witnesses was violated when Mr. Mooney failed to call one of the officers involved in the traffic stop, Det. Altomare, as a witness at trial. *Id.* at 8.

The Government's Motion to Dismiss does not address the grounds specifically as presented. *See* doc. 139 at 14-22. However, the Court has

a duty, under *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992), to resolve all claims for relief, including "any allegation of a constitutional violation," raised in a § 2255 motion. *See, e.g., Siler v. United States*, 852 F. App'x 490, 493 (11th Cir. 2021). Despite diverging from the Government's presentation, the Court can discern, as discussed below, its response to each of the asserted grounds. The Court will, therefore, address each of Pitts' asserted grounds in turn.

### A. Ground One

In Ground One, Pitts asserts that his counsel was ineffective for choosing to withdraw Motions to Suppress the evidence discovered as a result of the traffic stop. *See* doc. 126 at 4. As Pitts summarizes, Mr. Mooney filed two motions to suppress evidence and statements. *See* docs. 17 & 18. The Government responded in opposition to both motions arguing, in part, that they failed to provide sufficient factual support. *See* doc. 19 at 1-2. In a written Order, the Court acknowledged the motions' insufficiency and directed amendment or withdrawal of those motions. *See generally* doc. 23. Counsel withdrew both motions. *See* doc. 24. Although Pitts objects to the handling of the suppression motions, he does

not identify any substantive error in counsel's decision. *See* doc. 126 at 4.

"To prevail on a claim of ineffective assistance of counsel, a prisoner must prove that his counsel rendered deficient performance and that he was prejudiced by the deficient performance." *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence." *Putman v. Head*, 268 F.3d 1223, 1243 (11th Cir. 2001). As to the prejudice prong, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694; *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987) (same); *see also Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[A]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be

prejudicial. That the errors had some *conceivable* effect on the outcome of the proceeding is insufficient to show prejudice." (internal cites and quotations omitted) (emphasis added)).

The Government points out that whether the stop and subsequent investigation violated the Fourth Amendment were addressed in counsel's *Anders* brief. *See* doc. 139 at 15; *see also* doc. 139-1 at 27-30 (also docketed in *United States v. Pitts*, No. 19-15188, doc. 15 (11th Cir. Apr. 10, 2020)) (explaining, with extensive citations to authority, why the stop and investigation did not violate Pitts' Fourth Amendment rights). The Court of Appeals, therefore, implicitly found that the stop and subsequent search did not violate Pitts' Fourth Amendment rights. *See Pitts*, 849 F. App'x at 913-14 ("Our independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct."). Given the Court of Appeals' conclusion that there was no meritorious argument that the stop violated the Fourth Amendment, any motion Mr. Mooney filed seeking suppression on that basis would have been meritless. "[I]t goes without saying that counsel is not ineffective for failing to file a meritless suppression motion." *United States v. Curbelo*, 726 F.3d 1260, 1267 (11th Cir. 2013); *see also,*


*e.g., United States v. Gordon*, 722 F. App'x 931, 934 (11th Cir. 2018) (petitioner's trial counsel's decision not to attempt to suppress evidence did not constitute ineffective assistance "[b]ecause the underlying motion to suppress would have been meritless"). Accordingly, Ground One should be dismissed.

### B. Ground Two

Pitts' second ground for relief argues that Mr. Mooney was ineffective for failing to present an audio recording of one of the officers involved in the stop, Det. Altomare, which Pitts contends would have shown that the stop was pretextual. *See* doc. 126 at 5. The Government responds that Mr. Mooney's decision not to challenge the traffic stop based on Det. Altomare's alleged ulterior motive was not ineffective because, under *Whren v. United States*, 517 U.S. 806 (1996), Det. Altomare's, and indeed any of the other officers', subjective intentions are irrelevant. *See* doc. 139 at 18-19. Pitts' response to the Government's Motion to Dismiss is clearly focused on arguing that the stop was pretextual. *See, e.g.,* doc. 143 at 3-4 (discussing the circumstances of the stop and concluding, "[t]hus making the traffic stop a pretextual stop with ratified intent, which made the vehicle stop and frisk and vehicle

search illegal under the guaranteed [Fourth] Amendment Right."). Pitts' understanding of the applicable Fourth Amendment principles is simply mistaken. Correctly understood, even assuming it was pretextual, the stop did not violate the Fourth Amendment.

In *Whren*, the Supreme Court considered the argument that courts should consider the subjective motivations of officers in making traffic stops to curtail the use of such stops to investigate other crimes and to prevent officers' reliance on impermissible bases for the stop, such as the driver's race. *See* 517 U.S. at 810. The Court forcefully rejected that argument, concluding that "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." *Id.* at 813. The Eleventh Circuit has recently reiterated that when "officers had probable cause to believe a traffic violation occurred in connection with a traffic stop, they did not violate the Fourth Amendment, notwithstanding their subjective desire to intercept any narcotics being transported," or investigate any other crime. *United States v. Baker*, 2024 WL 797148, at *2 (11th Cir. Feb. 27, 2024) (quoting *United States v. Holloman*, 113 F.3d 192, 194 (11th Cir. 1997)).

As discussed above, under *Strickland*, an attorney is constitutionally ineffective only if his performance was deficient and that deficient performance prejudiced the defendant. *See, e.g., Strickland*, 466 U.S. at 687. Since the only alleged significance of the recording of Det. Altomare is that it suggests an ulterior motive for the stop, *see* doc. 126 at 5, and any such ulterior motive is irrelevant to the validity of the stop, Mr. Mooney's decision not to introduce the recording does not constitute deficient performance and could not have prejudiced Pitts. *See* doc. 139 at 19. Accordingly, Ground Two should be dismissed.

**C. Ground Three**

In Ground Three, Pitts appears to assert a standalone Fourth Amendment claim. *See* doc. 126 at 7. In stating the facts underlying the Ground, he reiterates the events of the traffic stop from its inception to his arrest. *Id.* He appears to assert that the search of his person and the vehicle violated the Fourth Amendment, though he also refers to "the officers['] actions," generally, as violating his rights. *Id.* The Government's response points out that any standalone Fourth Amendment claim is procedurally barred, that is, "[t]he Eleventh Circuit already considered and rejected this claim on direct appeal." *See* doc. 139

9

at 19; *see also, e.g., Seabrooks v. United States*, 32 F.4th 1375, 1383 (11th Cir. 2022) ("A procedural bar prevents a defendant from raising arguments in a § 2255 proceeding that he raised and we rejected on direct appeal."). A movant can overcome a procedural bar only when there is an intervening change in the law. *Id.* (citing *Davis v. United States*, 417 U.S. 333, 342 (1974)). Moreover, presentation of an issue in an *Anders* brief is sufficient to procedurally bar those issues from relitigation under § 2255. *See Stoufflet v. United States*, 757 F.3d 1236, 1242 (11th Cir. 2014); *see also, e.g., White v. United States*, 371 F.3d 900, 903 (7th Cir. 2004) ("Presented is presented, whether in an *Anders* brief or in any other format; and if an appeal is dismissed as frivolous, that is a binding adjudication that the claims presented in it had no merit at all . . . ."). Counsel's *Anders* brief addressed the stop itself, *see* doc. 139-1 at 28, officers' direction that Pitts get out of the car, *id.* at 29, the basis for a frisk, *id.*, and the search of Pitts' person and the vehicle, *id.* at 30. Pitts is, therefore, barred from relitigating the Fourth Amendment issues.[3] Accordingly, Ground Three should be dismissed.

---

[3] "The Court can employ its discretion in deciding whether a claim has previously been raised." *Gunn v. United States*, 2023 WL 3586427, at *4 (S.D. Ga. May 22, 2023) (citing *Sanders v. United States*, 373 U.S. 1, 16 (1963)). The Court concludes that the Fourth Amendment claims raised in Pitts' Motion are the same as the Fourth

10

**D. Ground Four**

The fourth ground asserted in Pitts' Motion contends that the fact that Det. Altomare was not called as a witness during his trial violated Pitts' Sixth Amendment right to confront his accusers. *See* doc. 126 at 8 ("Det. Altomare is the accuser and primary person in connection to Mr. Pitts being searched and arrested, and Mr. Pitts was not given the opportunity to confront Det. Altomare in any court proceeding, which was an injustice to Mr. Pitts and is clearly a violation of his guaranteed Sixth Amendment constitutional right."). The Government construes Pitts' claim as asserting that his counsel was ineffective for failing to call Det. Altomare as a witness. *See* doc. 139 at 20-22. Pitt's response does not directly address the issue. *See generally* doc. 143. Since Pitts has not challenged the Government's construction of his Sixth Amendment claim, the Court will follow that construction.[4]

Pitts' claim that his counsel was ineffective for failing to call Det. Altomare as a witness at his trial is subject to the *Strickland* standard

---

Amendment issues raised in his counsel's *Anders* brief. As the Supreme Court recognized in *Sanders*, "identical grounds may often be supported by different legal arguments, [cit.], or be couched in different language, [cit.], or vary in immaterial respects, [cit.]." 373 U.S. at 16.

[4] The Government's construction of the claim is entirely reasonable. The only alternative construction of Pitts' claim is that he asserts an independent violation of

11

discussed above. The Government argues that Pitts cannot show either deficient performance or prejudice from his counsel's failure to call Altomare because he can only speculate about what Altomare might have testified. *See* doc. 139 at 20. The Government points out that an attorney's decision about which witnesses to call "is one that [courts] will

---

his Sixth Amendment rights. However, as the Supreme Court has explained, the Sixth Amendment's Confrontation Clause "applies to 'witnesses' against the accused—in other words, those who 'bear testimony.' [Cit.] 'Testimony,' in turn, is typically 'a solemn declaration or affirmation made for the purposes of establishing or proving some fact.' [Cit.] . . . The constitutional text, like the history underlying the common-law right of confrontation, thus reflects an especially acute concern with a specific type of out-of-court statement." *Crawford v. Washington*, 541 U.S. 36, 51 (2004). Despite Pitts' claims that Det. Altomare was critical in the chain of events that led to his prosecution and conviction, *see* doc. 126 at 8, he does not point to any testimonial statement from Altomare that would implicate Pitts' right to confront him. *See, e.g., Porter v. United States*, 2024 WL 1468449, at *5 (S.D. Fla. Feb. 8, 2024) ("The Confrontation Clause is not applicable here since Movant never alleges that testimonial evidence was admitted against him without a prior opportunity for cross-examination."). *Cf. Deardorff v. Bolling*, 2022 WL 4693966, *17-*18 (S.D. Ala. Sept. 30, 2022) (discussing authority supporting the conclusion that statements explaining why a defendant "became a suspect" were nontestimonial).

Moreover, since Pitts is explicit that he did not raise the Sixth Amendment issue on direct appeal, and his only explanation is that he was "deprived [of] effective assistance of counsel," doc. 126 at 9, any standalone claim would be procedurally defaulted. *See, e.g., Seabrooks*, 32 F.4th at 1384 ("If a defendant fails to raise an issue on direct appeal, he may not present the issue in a § 2255 unless his procedural default is excused."). Ineffective assistance can constitute cause to excuse a procedural default, but only a meritorious assertion of ineffective assistance. *See, e.g., United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) ("Ineffective assistance of counsel may satisfy the cause exception to a procedural bar. [Cit.] In order to do so, however, the claim of ineffective assistance must have merit." (citation omitted)). Since, as the Government argues, Pitts' does not assert a viable ineffective assistance claim, any standalone Sixth Amendment claim would be procedurally defaulted as well as apparently meritless.

seldom, if ever, second guess." *Id.* (quoting *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995)) (internal quotation marks omitted). Finally, it points out that, to the extent that Pitts believes Altomare would testify that the stop was pretextual, he can show no prejudice from his counsel's failure to call Altomare because the stop was valid, regardless. *Id.* at 21-22. Pitts' response does not address the Government's arguments directly. *See generally* doc. 143. Instead, it focuses on alleged facts showing that the stop was pretextual. *See id.* at 3-5. Pitts concludes that his counsel was ineffective because he "was not given a fair chance to prove the wrong doings and unjust [sic]," and "no effective attorney would have declined to present evidence that wrong doing was done and a traffic infraction which led to an arrest and a federal felony conviction never occurred but that officers had other motives and tactics officers continuously use to entrap individuals." *Id.* at 5.

Pitts' expressions of frustration with the officers' alleged "tactics" notwithstanding, the Government is correct that he has shown neither the defective performance nor the prejudice required for an ineffective assistance claim under *Strickland*. As the Eleventh Circuit has explained, a movant "cannot establish an ineffective-assistance claim

merely by pointing to additional evidence that could have been presented." *Maxi v. United States*, 2023 WL 7325562, at *3 (11th Cir. Nov. 7, 2023). Here, as the Government points out, Pitts does not even "point" to evidence, he merely speculates about what it might be. *See, e.g., Streeter v. United States*, 335 F. App'x 859, 864 (11th Cir. 2009) ("In a habeas petition alleging ineffective assistance of counsel, mere speculation that missing witnesses would have been helpful is insufficient to meet the petitioner's burden of proof." (citation omitted)). "[G]enerally, a determination about which witnesses, if any, to call . . . is the epitome of a strategic decision, and it is one that [courts] will seldom, if ever, second guess." *Maxi*, 2023 WL 7325562, at *2 (citations omitted). Finally, as discussed above, it is absolutely clear that evidence that the stop was pretextual could not affect the admissibility of the incriminating gun and drug evidence. There is, therefore, no indication of prejudice from the failure to call Det. Altomare, even supposing it was an error. *See, e.g., Strickland*, 466 U.S. at 694 (showing prejudice requires showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). Accordingly, Ground Four should be dismissed.

## CONCLUSION

For the reasons explained above, all of the grounds asserted in Pitts' Motion should be dismissed.  Accordingly, the Government's Motion to Dismiss should be **GRANTED**.  Doc. 139.  Pitts' § 2255 Motion should be **DISMISSED**.  Doc. 126.  Civil action CV422-197 should be **DISMISSED** in its entirety.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate

Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 12th day of April, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA