UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MICHAEL LEWIS PITTS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CV422-197 |
| ) | CR419-012 |
| UNITED STATES OF ) | |
| AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, doc. 144, to which objections have been filed, doc. 148.[1] As discussed more fully below, Pitts' objection to the Magistrate Judge's analysis, to the extent that it can be discerned, is meritless. Additionally, his apparent attempt to amend his Motion to assert additional grounds is improper. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.  Doc. 144.

---

[1] The Court cites to the criminal docket in CR419-012 unless otherwise noted.

As the Magistrate Judge summarized, Pitts was convicted of one count of possession of a firearm by a convicted felon, one count of possession with intent to distribute a controlled substance, and one count of possession of a firearm in furtherance of a drug trafficking crime. *See* doc. 144 at 1 (citing doc. 92 (Judgment)). He was sentenced to 324 months of imprisonment and a six-year term of supervised release. *See id.* The Eleventh Circuit affirmed his conviction and sentence after his counsel filed an *Anders* brief. *See id.* at 1-2; *see also United States v. Pitts*, 849 F. App'x 913 (11th Cir. 2021). Pitts' § 2255 Motion asserted four grounds for relief: that Pitts' counsel provided ineffective assistance for (1) withdrawing a motion to suppress evidence; and (2) failing to present an audio recording at trial; Pitts also asserts independent claims that (3) his Fourth Amendment rights were violated by the traffic stop which led to this prosecution; and (4) that his Sixth Amendment right to confront witnesses was violated when his counsel failed to call one of the officers involved in the stop. *See* doc. 144 at 3. The Government moved to dismiss all of Pitts' claims. Doc. 139. The Magistrate Judge analyzed each of the asserted grounds for

2

relief, doc. 144 at 4-14, and recommended that the Government's Motion be granted, *id.* at 15.

The argument in Pitts' Objection is, charitably, hard to follow. The Magistrate Judge explained that Pitts' claims related to the propriety of the traffic stop had been considered and rejected on direct appeal. *See* doc. 144 at 9-10. Pitts Objection appears to assert that a variety of Supreme Court cases, including *Rehaif v. United States*, 588 U.S. 225 (2019), *Bailey v. United States*, 516 U.S. 137 (1995), *Bousely v. United States*, 523 U.S. 614 (1998), *United States v. Davis*, 588 U.S. 445 (2019), *Johnson v. United States*, 576 U.S. 591 (2015), and *Sessions v. Dimaya*, 584 U.S. 148 (2018), announce a "new retroactive rule in law," sufficient to overcome the procedural bar. Doc. 148 at 2-5; *see also id.* at 5 ("[Pitts] has overcome the procedural bar based on the announce [sic] new retroactive rule in law stated above . . . ."). Notwithstanding the incoherence of Pitts' assertion, it obviously fails because his appeal was decided *after* all of the cases he cites. *See* doc. 116 at 1 (appeal decided June 11, 2021). None of the cases cited, therefore, could possibly constitute an intervening change in the law sufficient to overcome the procedural bar. *Cf. Seabrooks v. United States*, 32 F.4th 1375, 1383

3

(11th Cir. 2022) ("A defendant can overcome a procedural bar when . . . there is an intervening change in law." (citation omitted)). Since the Magistrate Judge did not recommend dismissal of any of Pitts' other grounds as procedurally barred, his objection does not implicate those analyses. *See* doc. 144 at 4-9, 11-14.

Pitts' Objection might also be construed as alleging entirely new defects in his conviction, as the Government's reply points out. *See* doc. 22 at 4. For example, he appears to assert, for the first time, that his counsel was ineffective for "not making sure [he] had a full-disclosure [sic] about definitions; within explaining terminology of," the statues under which he was convicted. *See* doc. 148 at 1. He also appears to assert a novel claim that the jury instructions were defective and his counsel was ineffective for failing to object to or otherwise correct the defect. *Id.* He also asserts, perhaps in explanation of the alleged jury-instruction defect, that there was insufficient evidence to support his conviction for possession of a firearm in furtherance of a drug trafficking crime. *Id.* at 3. He asserts that his conviction for possession of a firearm by a convicted felon is invalid, under *Rehaif,* because "at the time [he] had no knowledge of his status or prohibited status . . . ,"

4

and that his counsel was ineffective for failing to object. *Id.* Finally, he asserts that his sentence was impermissibly enhanced under the Armed Career Criminal Act. *Id.* at 3-4. The Government argues that the newly-asserted claims should be rejected. *See* doc. 22 at 3-5. The Government is correct.

The Court is not obligated to consider new claims raised for the first time in objections to a report and recommendation. *See, e.g., Ford v. United States*, No. 17-14239-K, 2018 WL 7018045, at *2 (11th Cir. Feb. 21, 2018) (citing, *inter alia.*, *Williams v. McNeil*, 557 F.3d 1287, 1288, 1292 (11th Cir, 2009)). To the extent that Pitts might request leave to amend his Motion to assert additional grounds, the Court cannot rewrite his Objection to make such a request. *See, e.g.,* Fed. R. Civ. P. 15(a)(2); *Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (leniency afforded to *pro se* pleadings does not permit courts to "serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." (citation omitted)). Finally, even if Pitts had sought leave to amend his Motion to assert the novel claims, leave would be properly denied as futile since the additional claims are time barred and do not relate back to his

5

original Motion.[2] *See, e.g., Oliveiri v. United States*, 717 F. App'x 966, 967 (11th Cir. 2018) (Mem.) ("[G]ranting leave to amend would have been futile because the new claim was untimely and did not 'relate back' to the two claims that [movant] initially (and timely) presented in his § 2255 motion.").

In summary, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. Doc. 144. The Government's Motion to Dismiss is **GRANTED**. Doc. 139. Pitt's § 2255 Motion is **DISMISSED**. Doc. 126. The Clerk is **DIRECTED** to **CLOSE** civil action CV422-197 and enter the appropriate judgment of dismissal.

Further, a prisoner seeking relief under 28 U.S.C. § 2255 must obtain a certificate of appealability ("COA") before appealing the denial of his application for writ of habeas corpus. 28 U.S.C. § 2253(c)(1)(B).

---

[2] When a movant files a timely § 2255 motion and later files an untimely amendment or supplement, the untimely claims are barred by the statute of limitations in 28 U.S.C. § 2255(f), unless they relate back to the original motion under Federal Rule of Civil Procedure 15(c). *Davenport v. United States*, 217 F.3d 1341, 1343 (11th Cir. 2000). Pitts' conviction was final, for purposes of § 2255(f), on September 9, 2021. *See* doc. 116 (appeal opinion entered June 11, 2021); *Mims v. United States*, 758 F. App'x 890, 892 (11th Cir. 2019). His Objection was not filed until May 9, 2024, doc. 148 at 5; well outside § 2255(f)'s one-year period. To the extent that the substance of Pitts' novel claim is discernable at all, none of them relate back to his original Motion. *Cf. Davenport*, 217 F.3d at 1344 (in order for a claim to "relate back," "the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." (citations omitted)).

This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in *Slack v. McDaniel*, 529 U.S. 473, 482-84 (2000), movant has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[3] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, movant is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

**SO ORDERED** this 28 day of May, 2024.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] "If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.